UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER 00-6181-CR-HUCK

01 JAN 26 AM 8 38

UNITED STATES OF AMERICA

    Plaintiff,

v.

MICHAEL FULLER,

    Defendant
_____/

Dear Patricia Borah

    I am in receipt of the Presentence Report regarding my client, Michael Fuller. I am requesting by this letter that the Report be changed to reflect the following objections.

    1 Part A The Offense, Offense Level Computation Para. (25): The Defendant objects to his role assessment as being equal to Henry McFlicker and John Raffa. The Defendant submits that pursuant to 3§B1.2 a three level departure is warranted based upon Michael Fuller's involvement. The PSI states that the original target of this entire investigation was Henry Harry McFlicker. Mr McFlicker then directed investigators to John Raffa. Henry McFlicker explicitly vouched for John Raffa. He stated that John Raffa could be trusted completely in their criminal enterprise. This evidences both Henry McFlicker's and John Raffa's heightened criminal knowledge and experience. McFlicker could not vouch for Michael Fuller since he had absolutely no knowledge of him, evidencing Michael Fuller's utter lack of criminal experience. This lack of knowledge was corroborated based upon his statement to investigators that he was going to request the help of others in order to try to accomplish the offense.
    The PSI corroborates that the only reason Michael Fuller ever became involved in this offense was due to John Raffa's attempting to help Michael Fuller pay for his wife's medical expenses. A minimal role reduction is to be determined by comparing the conduct of co-participants. The relevant comparison for this reduction is the conduct of the co-participants in the case at hand. A minimal participant finding can exist even if the defendant had something more than a complete absence of understanding of the offense. U.S. v. Petti 973 F.2d 1441 (9th Cir. 1992). Where a defendant has a clearly inadequate understanding of the criminal offense compared to that of his co-participants it is indicative of a minor or minimal role in the offense. U.S. v. Moeller 80 F.3d 1053 (5th Cir. 1996). The Defense submits that based upon the investigation both Henry McFlicker and John Raffa exhibited a much greater knowledge and involvement than Michael Fuller.

    2 Part A The Offense, Offense Level Computation, Para. (30): The Defendant objects to the application of a two level increase. Commentary in §2S1.2 states the increase would require evidence showing specific knowledge as to where the proceeds originated from, not merely that they were criminally derived. This increase is not warranted especially in light of the explicitly agreed upon recommendation of both the U.S. Government and the Defendant in its plea agreement.

    3 Part A The Offense, Offense Level Computation, Para. (34): The Defense submits that based on the foregoing the Total Offense level is 14.

4. <u>Part A. The Offense, Offense Level Computation, Para. (37)</u>: The Defense submits that based on the foregoing the Total Offense level is 11.

5. <u>Part B Defendant's Criminal History, Para. (40 &41)</u>: The Defendant admits that there was an argument between him and his sister but vehemently denies the severity of the argument and that he slashed any tires evidenced by the fact that all charges were eventually dropped.

6. <u>Part D. Sentencing Options, Guideline Provisions, Para. (11)</u> Based on the objections made above, it is submitted that the Defendant's base offense level of 11, together with a criminal history category of I, results in a guideline imprisonment range of 8-14 months.

7. <u>Part E. Factors That May Warrant A Departure, Para. (85)</u>: The Defense submits the there exists three grounds for departure in addition to a §5K1.1. The grounds relied upon by the Defense for a departure are the following: §5K2.0, §5K2.12 (Coercion and Duress), and §5K2.20(Aberrant Criminal Behavior).

The Defense submits that the background of this case warrants that it be considered outside of the heartland of cases covered by this guideline. The Defendant lived a completely law-abiding life prior to this instant offense. He has not ben involved in any type of criminal activity. His wife of 14 years suffers from a degenerative condition due to a stroke and has suffered from heart attacks and pneumonia which currently leaves in a nearly vegetative state. She is utterly incapable of caring for herself. She has been continually hospitalized since succumbing to this condition. Mr. Fuller has constantly visited or attempted to care for his wife. He is powerless to do anything to help his wife's condition and has had to see his wife physically deteriorate before his eyes. In addition to the extreme psychological pain and anguish which comes with such an event, comes financial hardships. Mr. Fuller had the real possibility that his wife would not receive adequate medical care for lack of money due to problems with Mr. Fuller's insurance carrier. Again, the only reason that Mr. Fuller ever became involved was due to the fact that John Raffa was hoping to help Mr. Fuller pay for his wife's medical expenses. Mr. Fuller's utter lack of knowledge as to how to commit the crime he was arrested for evidences not only the aberrant nature of this act but also the extremes one would go to help a loved one. After his arrest Mr. Fuller made an immediate and complete disclosure and is fully cooperating with authorities.

Pursuant to the Federal Sentencing guidelines the Defense submits that the three above cited sections are appropriate for departure in this case. As noted the background of this case places it outside the heartland of cases guidelines. In addition, Mr. Fuller was suffering from extreme emotional duress due to his wife's medical condition. Lastly, Mr. Fuller also falls squarely under §5K2.20(Aberrant Behavior) departure. This offense constitutes a single criminal occurrence which was committed without significant planning which was of limited duration and was a marked deviation by the defendant from an otherwise law-abiding life. When considering the factors explicitly noted in this section such as Mr. Fuller's mental and emotional condition his motivation for committing the offense and his efforts to mitigate the offense its appropriateness becomes even more apparent.

**WHEREFORE** based on the foregoing, the Defendant respectfully request the above-noted exceptions to be calculated in Michael Fuller's Presentence Investigation.

Respectfully submitted
SAMUEL J. MONTESINO
Attorneys for the Defendant
Fl. Bar No. 0043011
1100 N. Olive Ave
West Palm Beach, Florida 33401
(516) 832-3225

BY: _____
SAMUEL J. MONTESINO