UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER 00-6181-CR-HUCK



UNITED STATES OF AMERICA

        Plaintiff,

v.

MICHAEL FULLER,

        Defendant.
_____/

## AMENDED OBJECTIONS TO PRESENTENCE REPORT

**NOW COMES** the Defendant, Michael Fuller, through counsel, and hereby states the following objections to the Presentence Report prepared by the Probation Department in the instant matter:

### I. *Part A Offense Level Computation, [paragraph number 25]*

Pursuant to U.S.S.G. §3B1.2, the Defense submits that a two level departure based upon Michael Fuller being a minor participant in the offense. The Defendant objects to his role assessment as being equal to Henry McFlicker and John Raffa. The Defendant submits that pursuant to 3§B1.2 a two level departure is warranted based upon Michael Fuller's involvement. The PSI states that the original target of this entire investigation was Henry Harry McFlicker. Mr. McFlicker then directed investigators to John Raffa. Henry McFlicker explicitly vouched for John Raffa. He stated that John Raffa could be trusted completely in their criminal enterprise. This evidences both Henry McFlicker's and John Raffa's heightened criminal knowledge and experience. McFlicker could not vouch for Michael Fuller since he had absolutely no knowledge of him, evidencing Michael Fuller's utter lack of criminal experience with McFlicker. This lack of knowledge was corroborated based upon his statement to investigators that he was going to request the help of others in order to try to accomplish the offense. See U.S. v. Moeller 80 F.3d 1053 (5th Cir. 1996).

The PSI corroborates that the only reason Michael Fuller ever became involved in this offense was due to John Raffa's attempting to help Michael Fuller pay for his wife's medical expenses. A minimal role reduction is to be determined by comparing the conduct of co-participants. With respect to adjustments for minimal participant status, the relevant comparison was between the defendants conduct and conduct of his co-participants, not some hypothetical "average participant" in the type of crime involved. U.S. v. Petti 973 F.2d 1441 (9th Cir. 1992),

<u>U.S. v. Benitez</u> 34 F.3d 1489 (9th Cir. 1994).The essential factor to be used in determining the defense level of participation is his culpability. <u>U.S. v. Buenrostro</u> 868 F.2d 135 (5th Cir. 1989).

## II. *Part A Offense Level Computation, [paragraph numbers 30]*

The Probation Department concludes in its Presentence Report that a *2*-level increase is appropriate, pursuant to U.S.S.G. §2S1.2, based upon the allegations contained in paragraph 12. However in paragraph 12 there is no allegation that the funds which Mr. Fuller and UC were discussing were the proceeds of the prostitution ring. The UC only mentioned that he ran a prostitution ring not that these specific funds arose from that activity. That both the U.S. Government and Michael Fuller jointly recommend that based upon all of the circumstances of this case the correct offense level is 17 also evidences the fact that this enhancement should not apply. See Plea Agreement Paragraph 7(a).

## II. *Part A Offense Level Computation, [paragraph number 34]*

If the Court incorporates any or all of the proposed corrections as set forth herein, the correct adjusted offense level referred to in paragraph 34 is 15.

## III. *Part A Offense Level Computation, [paragraph number 36]*

Michael Fuller would not be entitled to the additional one level decrease under §3E1.1 if the Court incorporates all of the proposed corrections as set forth herein. This concession would only exist if the adjusted offense level in paragraph 34 is below 16. If the base offense level is a level 16 or greater than the one level decrease would be applicable.

## IV. *Part A Offense Level Computation, [paragraph number 37]*

Based upon the above cited objections Michael Fuller maintains that the correct total offense level would be a level 13 with an imprisonment range of 12 to 18 months.

## V. *Part D; Sentencing Options, [paragraph number78].*

If the Court incorporates any or all of the proposed corrections as set forth herein, the range of imprisonment could be 12 – 18 months.

## VI. *Part D; , [paragraph number 85].*

The Defense submits the there exists two grounds for departure. The grounds for a departure are the following: §5K1.1 (Substantial Assistance) and §5K2.20(Aberrant Criminal Behavior).
The Defense has confirmed that the United States government will be submitting a §5K1.1 motion. Michael Fuller has fully cooperated with authorities immediately after his arrest. During his debriefing with government agents Michael Fuller gave a truthful account of his conduct in

the offense. Michael Fuller also agreed to testify for the United States against either of the original co-defendants in this matter. Michael Fuller's assistance led directly to John Raffa's plea on this matter. As a result Michael Fuller's assistance will also aid in the prosecution of Henry McFlicker, the original target of this entire investigation.

Michael Fuller also submits that the background of this case warrants it be considered outside the heartland of cases covered by the guidelines. Michael Fuller lived a completely law-abiding life prior to this instant offense. He has not been convicted of any criminal offense. His wife of 14 years suffers from a degenerative condition due to a stroke. She has suffered heart attacks and pneumonia from this condition which currently leaves her in a nearly vegetative state. She is utterly incapable of caring for herself. She has been continually hospitalized since succumbing to this condition. Mr. Fuller has constantly visited and attempted to care for his wife. However he is powerless to do anything to help his wife's condition. He has had to see his wife physically deteriorate before his eyes. See Attached Appendix In addition to the extreme psychological pain and anguish which comes with such an event, comes financial hardships. Mr. Fuller had the real possibility that his wife would not receive adequate medical care for lack of money due to problems with Mr. Fuller's insurance carrier. Again, the only reason that Mr. Fuller ever became involved was due to the fact that John Raffa was hoping to help Mr. Fuller pay for his wife's medical expenses. After his arrest Mr. Fuller made an immediate and complete disclosure and has fully cooperated with authorities.

Pursuant to the Federal Sentencing guidelines the Defense submits that above cited facts make it appropriate for a departure in this case under 5K2.20(Aberrant Behavior). The Addendum to the Pre-Sentence Report does not rebut the grounds put forth by the Defense for a downward departure under §5K2.20. The Sentencing Commission specifically defines that only felony convictions are to be considered when determining if the offense qualifies as aberrant behavior. See Policy Statement § 5K2.20. Michael Fuller does not have any prior convictions. Factors such as Mr. Fuller's mental and emotional condition due to his wife's illness, his motivation for committing the offense, and his efforts to mitigate the offense through his cooperation evidences its appropriateness in this case.

**WHEREFORE**, based upon the foregoing arguments and authorities, this Honorable Court is respectfully urged to impose a sentence in this case which reflects the foregoing Guideline calculations. Respectfully submitted,

SAMUEL J. MONTESINO, P.A.

_____
Attorney for the Defendant
1100 North Olive Avenue
West Palm Beach, Florida 33401
(561) 832-3225
Florida Bar No. 0043011

**APPENDIX ONE**

ROBERT LEVIN, M.D.
1640 SOUTH CONGRESS AVENUE, SUITE 103
PALM SPRINGS, FLORIDA 33461
(561) 964-4944

January 25, 2000

To whom it may concern:

Mrs. Irene Fuller(wife) suffered a large stroke in 1999. She is paralyzed on her right side(wheelchair bound) and is unable to speak. It is necessary for Mr. Fuller to be near his wife for her physical and mental well being.

Thank you very much for your consideration in the matter.

Sincerely,

Robert Levin, M.D.

January 29, 2001

**To Whom It Concerns:**

   This letter recommends leniency for Michael Fuller at his sentencing hearing. Michael visits his wife at Crystal Palms Nursing Home daily. His visits brighten my ill sister-in-laws days. Michael has told me that he is the sole financial support of her nursing home bills which amount to approx 2,000.00 monthly. I fear without his support financially and emotionally she would be the one punished in this situation.

Thank You for Your Time,

*Beatrice Kolshak*
Beatrice Kolshak
(Michael's half- sister)
9111 ElPaso Dr
Lake Worth, Fl 33467
561 964 2586



# CITY OF **LAKE WORTH**

7 NORTH DIXIE HIGHWAY
LAKE WORTH, FLORIDA 33460-3787

Office of the Mayor
Thomas M. Ramiccio

Phone (561) 586-1730
Fax    (561) 586-1750

Dear Judge Huck,           January 25 2001

My Name is Tom Ramiccio I am currently the Mayor of Lake Worth, Florida. I Have known Mr. Michael Fuller for over twenty years. In that time I can say that I have not met a finer individual than Michael Fuller. He is law abiding, he is hard working, and he is a good friend. In this time I have also seen and been aware of the incredible difficulties which have resulted from his wife's medical condition. I know Mike has had incredible stress every day knowing that his wife is slowly deteriorating away. It kills him not to be able to do anything for her. I was also aware of the financial difficulties which arose as a result of his wife's medical condition. Mike has admitted his mistake to me. It does not change my opinion of Michael Fuller. Mike is one of my best friends a person could have. I would not be where I am today without his support. I am writing this letter to ask you to show mercy upon Michael Fuller and to understand why he did what he did. He has never been involved in anything even remotely criminal in all the years that I have known him. I ask you not to take Michael away from his wife and those who love him.

Sincerely,

Tom Ramiccio
Mayor of Lake Worth

January 27, 2001

Re: Michael F. Fuller

To Whom It May Concern:

It has been my pleasure to have know Michael Fuller for the past five years.

Michael has consistently demonstrated to me his responsibility to his family, his employees and to his friends. He has steadfastly provided support and guidance to those individuals in need and has shown me an uncommon, sincere concern for those who are less fortunate.

I personally have seen how Michael has suffered greatly with the illness which has stricken his wife, Irene. He has had to balance the mental and financial strains caused by Irene's illness against the responsibilities he has to his employees and his business. He has made great sacrifices and I am certain none of us could have done it better.

I believe Michael to possess a good and honest character and he has my utmost respect.

Sincerely:

Michael Rahn
115 Dunes Edge Road
Jupiter, FL 33477