UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,  )  CASE NUMBER: 00-6181-CR-HUCK
    Plaintiff,  )
                                  )  JUDGE PAUL C. HUCK
vs.                               )
                                  )  **UNOPPOSED MOTION FOR**
                                  )  **TERMINATION OF PROBATION**
MICHAEL E. FULLER,  )
    Defendant.  )
_____ )

    **COME NOW**, the Defendant, Michael E. Fuller, by and through undersigned counsel and pursuant to Fed. R. Crim. Pro. 32.1(c), and 18 U.S.C. 3564(c) respectfully requests this Honorable Court to terminate the supervised release of the above noted Defendant. As basis for granting this Motion, the Defendant states the following:

    1. Defense Counsel has confirmed on March 11, 2003 with Assistant U.S. Attorney Diana Fernandez, who has consulted with U.S. Probation Officer Marcia Roland, and both have no objection to this Motion being agreed upon.

    2. On March 1, 2001, the Defendant was sentenced to eight (8) months of Home Detention Electronic Monitoring Program to a plea of guilty to violating 18 U.S.C. 1956(h).

    3. The Defendant, while on Home Detention, was also ordered by this Court to successfully complete a Bureau of Prison's recommended drug program.

    4. On the original date of sentencing, the Court also imposed a period of supervised release from two (2) to three (3) years in addition to the home detention. See Attached Appendix One.

    5. On the date of sentencing a representative of the U.S. probation office was not present. However after reviewing the transcripts of the sentencing hearing U.S. probation noticed that the Court had not imposed a term of probation upon Michael Fuller.

    6. On March 8, 2001, U.S. probation officer Kenneth Gonzalez met with the Honorable Judge Puck regarding this matter. It was agreed in chambers that in order to avoid a re-sentencing on this matter the Court was to impose a period of probation of five (5) years to its original sentence. See Attached Appendix Two.

    7. Since the imposition of sentence the Defendant, Michael Fuller has fulfilled all conditions of probation and has not had any violations of the law.

    8. Since that time however Mike Fuller has suffered numerous and serious health problems. Specifically Michael Fuller has suffered three (3) strokes and may even be considered to be declared



totally disabled due to his continuing medical problems.

9. Michael Fuller seeks to reside with his daughter in North Carolina for the dual purpose of residing with his one (1) family member who is not totally incapacitated and to enroll in the Duke University obesity clinic program in order to prevent further deterioration of his health. In addition, the Defendant, Michael Fuller wishes to travel unimpeded to visit family and friends both here and abroad.

10. Pursuant to Title 18 U.S.C. § 3583 (b) after reviewing the requirements set forth in the above noted section Michael Fuller is eligible pursuant to the statutory requirements for early termination. Pursuant to 18 U.S.C. § 3583 Michael Fuller submits that the conditions that this Court must consider to determine if a defendant is an appropriate candidate for early termination is satisfied and the termination of his supervised release is warranted especially in light of both the conduct and the extensive medical problems of the Defendant since sentence was imposed. It is important to note that the sentence originally imposed by this Honorable Court had required a period of supervision of two (2) years before being modified by adding a period of probation of five (5) years. And early termination of this probation would further serve the interest of justice to reward an individual who abided by all lawful conditions imposed by this Court.

**WHEREFORE**, the Defendant, Michael Fuller respectfully requests this Honorable Court to terminate the Defendant's probation forthwith.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of foregoing document has been furnished to the AUSA, Diana Fernandez, 500 Australian Avenue North, Fourth Floor, West Palm Beach, FL 33401 and U.S. Probation Officer, Marcia Roland, 501 S. Flagler Drive, Suite 400, West Palm Beach, FL 33401 by regular mail this _11th_ day of March, 2003.

Respectfully Submitted,

SAMUEL J. MONTESINO, P.A.
Attorney for the Defendant
2161 Palm Beach Lakes Blvd., Suite 308
West Palm Beach, FL 33409
Tel. (561) 721-3322   Fax. (561) 721-3366

BY: _____
SAMUEL J. MONTESINO
Florida Bar No. 0043011

cc.
Honorable Judge Paul C. Huck, via UPS Next Day Air delivery

# "APPENDIX ONE"

# United States District Court
## Southern District of Florida
### MIAMI DIVISION



FILED by ___ D.C.

APR 0 6 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

v.

MICHAEL FULLER

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 1:00CR6181-01

Counsel For Defendant: SAMUEL MONESTINO
Counsel For The United States: DIANA FERNANDEZ
Court Reporter: Larry Herr

The defendant pleaded guilty to Count I OF SUPERSEDING of the Information. Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. 1956(h) | Conspiracy to engage in monetary transactions from specified unlawful activity | April 13, 2000 | I |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: 03-25-1950
Deft's U.S. Marshal No.: 55273-004

Defendant's Mailing Address:
150 YALE DRIVE
LAKE WORTH, FLORIDA 33460

Defendant's Residence Address:
150 YALE DRIVE
LAKE WORTH FLORIDA 33460

Date of Imposition of Sentence:
March 1, 2001

_____
PAUL C. HUCK
United States District Judge

April __6__, 2001

DEFENDANT: MICHAEL FULLER
CASE NUMBER: 1:00CR6181-01

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

DEFENDANT: MICHAEL FULLER
CASE NUMBER: 1:00CR6181-01

## PROBATION

The defendant is hereby sentenced to probation for a term of **5 YEARS**.

While on probation, the defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF PROBATION

The defendant shall also comply with the following additional conditions of probation:

- The defendant shall participate in the Home Detention Electronic Monitoring Program for a period of **8 Months**. During this time the defendant shall remain at his or her place of residence except for employment and other activities approved in advance by the Unites States Probation Officer. The defendant shall maintain a telephone at his or her place of residence without call forwarding, call waiting, a modem, Caller ID, or call back/call block services for the aboveperiod. The defendant shal wear an electronic monitoring device and follow the electronic monitoring procedures specified by the United States Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer. In addition, the defendant shall pay cost of electric monitoring at the rate of $(4.35) each day.

- The defendant shall participate in an approved treatment program for drug and/or alcohol abuse as directed by the U.S. Probation Office. Participation may include inpatient/outpatient treatment, if deemed necessary. The defendant will contribute to the costs of services rendered (copayment) in an amount determined by the probation officer, based on ability to pay, or availability of third party payment.

- The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation, including but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and any other documents requested by the U.S. Probation Office.

DEFENDANT: MICHAEL FULLER
CASE NUMBER: 1:00CR6181-01

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$100.00** | $ | $ |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: MICHAEL FULLER
CASE NUMBER: 1:00CR6181-01

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    A. Lump sum payment of **$100.00** due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **301 N. MIAMI AVENUE, ROOM 150**
    **MIAMI, FLORIDA 33132**

**The fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: MICHAEL FULLER
CASE NUMBER: 1:00CR6181-01

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary): The court did not apply 251.2(6)(1)(B) in that there was no determination the defendant knew the funds were from illegal activities.

**Guideline Range Determined by the Court:**

    Total Offense Level: 14

    Criminal History Category: I

    Imprisonment Range:     15 TO 21 months

    Supervised Release Range: 2 TO 3   years

    Fine Range: $4,000 TO $40,000                                   $

        Fine is waived or is below the guideline range, because of inability to pay..

    The sentence departs from the guideline range:

Upon motion of the government, as a result of defendant's substantial assistance.

# "APPENDIX TWO"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PROBATION OFFICE

**FRANK SCHWARTZ**
**CHIEF PROBATION OFFICER**

ROOM 315, U.S. COURTHOUSE
300 N.E. FIRST AVENUE
MIAMI, FL 33132-2126

March 8, 2001

Samuel Monestino
Attorney At Law
100 N. Olive Avenue
West Palm Beach, FL 33401
Fax (561) 832-3350

RE:  **U.S. vs. Michael F. Fuller**
     Docket #: **00-6181-CR-HUCK(s)**

Dear Mr. Monestino:

On March 1, 2001, the Honorable Paul C. Huck, U.S. District Court Judge presided over the sentencing of defendant Michael F. Fuller as to the above-referenced case. The U.S. Probation Office was not present at that sentencing. Transcripts of the sentencing proceeding reveal that the Court did not pronounce a term of probation as to this defendant.

On March 8, 2001, this officer met with Judge Huck regarding this case. It was agreed that all parties would be advised that the sentence will be five years probation with the following three special conditions. The defendant will be on home detention with electronic monitoring for a term of eight months. The defendant will participate in drug treatment as deemed necessary by this U.S. Probation Office. The defendant will also maintain full-time employment while on probation. A $100 special assessment will also be applied.

Judge Huck has advised that it is his intention not to have a re-sentencing on this matter unless there is a disagreement as to the sentence indicated above. Please indicate below if there are any objections to the above information. A response is needed on or before March 14, 2001. My fax number is (305) 523-5496. If there are no objections, the Court will be advised and the Judgment and Commitment Order will be issued imposing the above sentence.

Sincerely,

Kenneth J. Gonzalez
U.S. Probation Officer
(305) 523-5345

cc:   Patricia A. Borah
      Brian Hasset

_____        _____
Approve    Samuel Monestino         Disapprove   Samuel Monestino

_____        _____
Approve    Michael F. Fuller        Disapprove   Michael F. Fuller